```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA       :
                               :
v.                             :   CRIMINAL NO. 3:14cr00014(AVC)
                               :
MATTHEW VOLOSHIN and           :
JESSE WRUBEL                   :
```

**RULING ON MOTION FOR BILL OF PARTICULARS AND MOTION TO SEVER**

The ten-count indictment in this case charges the defendants, Matthew Voloshin and Jesse Wrubel, with federal narcotics violations surrounding the distribution of marijuana and firearms violations.[1]  Specifically, count one alleges a conspiracy between Voloshin and Wrubel to distribute and to possess with intent to distribute marijuana, counts two and three pertain to Wrubel and allege possession with intent to distribute and distribution of marijuana, count four pertains to Voloshin and Wrubel and alleges possession with intent to distribute marijuana, count five pertains to Wrubel and alleges possession with intent to distribute marijuana, count six pertains to Voloshin and alleges possession with intent to distribute marijuana, count seven pertains to Wrubel and alleges possession of a firearm in furtherance of a drug trafficking crime, counts eight through ten pertain to Voloshin and allege

---

[1] The crimes charged are in violation of 21 U.S.C. §§ 841(a), 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), 846, 853; 18 U.S.C. §§ 2, 922(j), 924(a)(2), 924(c)(1)(A), 924(c)(2), 924(d); and 28 U.S.C. § 2461(c).

possession of a firearm in furtherance of a drug trafficking crime and possession of a stolen firearm.

On October 17, 2014, Voloshin filed a motion for a bill of particulars (document no. 48) and a motion to sever (document no. 49). On February 24, 2015, the government filed memoranda in opposition to the motions. For the following reasons, the motions are DENIED.

## I. Motion for Bill of Particulars

Voloshin seeks a bill of particulars outlining 1) details concerning the specific type of conspiracy, "including but not limited to chain, wheel, etc. and defendant's role in that type of conspiracy," 2) "the number and names of any alleged co-conspirators, and their conduct for which defendant is being held responsible"; 3) the duration of the conspiracy; and 4) the breadth of the conspiracy. Voloshin also seeks "a list of each drug transaction in which the government claims defendant Volohin [sic] was involved, including the names of the other involved parties, the nature and amount of the drug, and the date and location of such transactions."

Voloshin argues that the indictment is "vague, indefinite, uncertain, and insufficient in its terms and conclusions," and therefore, he is unable to "reasonably know the nature and cause of the charges asserted, or to prepare a defense to the charge." The government responds that Voloshin's motion is "devoid of

merit," as the government has already provided Voloshin with a wealth of evidentiary detail.  Specifically, the government states that it provided Voloshin with "a total of *ten* discs of information relating to the charges against him including, among other things, the surveillance reports describing his meetings with Wrubel, the transcripts of his telephone conversations with Wrubel during the wiretap phase of the investigation, the affidavits submitted in support of the search warrants for Voloshin's stash house and residence, and the reports detailing the evidence seized from these locations."

According to Rule 7(f) of the Federal Rules of Criminal Procedure, "[t]he court may direct the government to file a bill of particulars."  Fed. R. Civ. P. 7(f).  A defendant can use a bill of particulars "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

"A bill of particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'"  United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (quoting United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999)).  It is not

3

necessary, however, "where the government has made sufficient disclosures concerning its evidence and witnesses by other means." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (quoting United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999)).  A district court may "deny a bill of particulars 'if the information sought by defendant is provided in the indictment or in some acceptable alternate form.'"  United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998) (quoting United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987)).

The court concludes that the indictment adequately advises Voloshin of the specific acts of which he is accused.  It is not so general that Voloshin cannot determine the specific criminal conduct alleged.  In addition to the indictment, the government has provided Voloshin with discovery in an organized format that apprises him of the charges, minimizes the danger of unfair surprise, and protects his rights under the double jeopardy clause.  This discovery includes surveillance reports, wiretap transcripts, affidavits in support of search warrants, and reports detailing evidence seized.  The totality of the circumstances here demonstrates that a bill of particulars is unnecessary.  Accordingly, Voloshin's motion for a bill of particulars (document no. 48) is DENIED.

**II.  Motion to Sever**

Voloshin seeks an order from this court severing the charges against the two defendants.  Voloshin asserts that the charges should be set out in separate indictments and the defendants should be tried separately.

**A. Rule 8**

Voloshin first argues that "while the indictment charges a conspiracy in Count One involving both Voloshin and Wrubel . . . most of the other counts . . . are solely against Wrubel."  He further contends that "the government has insufficiently alleged that the counts outside Count One were pursuant to any conspiracy pled in Count One involving both Voloshin and Wrubel."  The government responds that the co-defendants' criminal conduct alleged throughout the indictment arises out of a common plan or scheme, making joinder proper under Rule 8.

> Rule 8 of the Federal Rules of Criminal Procedure provides:
>
> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged on one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

The second circuit has interpreted the "same series of acts or transactions" language to mean that "joinder is proper where

two or more persons' criminal acts are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." United States v. Rittweger, 524 F.3d 171, 177 (2d Cir. 2008) (quoting United States v. Cervone, 907 F.2d 332, 341 (2d Cir. 1990)) (internal quotation marks omitted).  The second circuit further advises courts to "apply a 'commonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder."  Id. (quoting United States v. Shellef, 507 F.3d 82, 98 (2d Cir. 2007)).

An established rule in the second circuit is that "a non-frivolous conspiracy charge is sufficient to support joinder of defendants under Fed. R. Crim. P. 8(b)." United States v. Nerlinger, 862 F.2d 967, 973 (2d Cir. 1988).  In other words, "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988) (quoting United States v. Castellano, 610 F. Supp. 1359, 1396 (S.D.N.Y. 1985)).

Here, the indictment charges Wrubel and Voloshin with knowingly and intentionally conspiring together to possess with

the intent to distribute, and to distribute, marijuana.  The government represents that Voloshin supplied Wrubel with marijuana and Wrubel distributed the marijuana.  Therefore, the presumptive satisfaction of Rule 8(b) arises.  Moreover, the indictment as a whole demonstrates that the criminal conduct alleged arises out of a common plan or scheme involving the distribution of marijuana.  Accordingly, joinder is not improper and the motion to sever pursuant to Rule 8 is DENIED.

### B. Rule 14

Voloshin next argues that there is no link between some of the actions taken by Wrubel and Voloshin.  Voloshin contends that "[i]f proof shows that Wrubel was purchasing drugs from a third party, the facts may show a conspiracy involving that third party that would prejudicially spill over to defendant Voloshin during any joint trial."  The government responds that "Voloshin has not articulated any prejudice that will result from a joint trial with Wrubel."  It further argues that Voloshin only speculates as to the prejudice that may result if the evidence shows that Wrubel had another marijuana supplier in addition to Voloshin.

Rule 14 of the Federal Rules of Criminal Procedure provides, *inter alia*, that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant . . . the court may

order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  The second circuit has recognized that "efficiency and consistency militate in favor of trying jointly defendants who were indicted together, [and] [j]oint trials are often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy . . . ."  United States v. James, 712 F.3d 79, 104 (2d Cir. 2013) (alterations in original) (quoting United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003)).  The United States Supreme Court has explained further that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993).

The second circuit has held that "[a] defendant raising a claim of prejudicial spillover bears an extremely heavy burden."  United States v. Friedman, 854 F.2d 535, 563 (2d Cir. 1988).  The prejudice to him must be so severe that it "outweigh[s] the judicial economy that would be realized by avoiding multiple

8

lengthy trials."[2]  United States v. Walker, 142 F.3d 103, 110 (2d Cir. 1998).

Here, Voloshin only speculates as to the prejudice that could arise if Wrubel had a marijuana supplier in addition to Voloshin.  Such conjecture is insufficient for showing the substantial prejudice required to prevail on a motion to sever.[3]  Accordingly, Voloshin has not met his burden, and his motion to sever pursuant to Rule 14 is DENIED.

## CONCLUSION

Based upon the foregoing, the motion for a bill of particulars (document no. 48) and the motion to sever (document no. 49) are DENIED.

It is so ordered, this 10th day of June 2015, at Hartford, Connecticut.

/s/

Alfred V. Covello,
United States District Judge

---

[2] The Supreme Court has recognized that "Rule 14 does not require severance even if prejudice is shown." Zafiro v. United States, 506 U.S. 534, 538-39 (1993).  "In order to prevail, the defendant must show not simply some prejudice but *substantial* prejudice." United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004) (quoting United States v. Werner, 620 F.2d 922, 928 (2d Cir. 1980)).

[3] Indeed, Voloshin fails to explain why, in his view, an additional marijuana supplier would necessitate the need for separate trials.  The court notes that "juries follow the instructions given them by the trial judge," United States v. Casamento, 887 F.2d 1141, 1151 (2d Cir. 1989), and the court could instruct the jury not to consider other third parties' interactions with Wrubel as evidence of the conspiracy between Voloshin and Wrubel.  See Zafiro v. United States, 506 U.S. 534, 539 (1993) (noting that even with a high risk of prejudice "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice").